IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEWEL RAYMOND BLASSINGAME, TDCJ NO. 1774580, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1244 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jewel Raymond Blassingame, an inmate of the Texas Department of Criminal Justice (TDCJ), filed this habeas action under 28 U.S.C. § 2254 contesting a 2012 state felony conviction. The respondent has filed a Motion for Summary Judgment seeking to dismiss this action as time barred. Having considered the evidence and the pleadings, the court finds that Blassingame's habeas petition is untimely. Accordingly, this action will be **DISMISSED** as time barred under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

Blassingame was charged with two episodes of possession of a controlled substance and one act of evading arrest with a motor vehicle. After entering a guilty plea Blassingame was found guilty of all charges and was sentenced to 20 years in TDCJ in one case and to 25 years TDCJ in the other two cases. State v. Blassingame,

No. 10-11470-012-13 (12th Dist. Ct., Madison County, Tex., Mar. 13, 2012) (controlled substance - 25 years); <u>State v. Blassingame</u>, No. 11-11632-012-13 (12th Dist. Ct., Madison County, Tex., Mar. 13, 2012) (controlled substance - 20 years) <u>State v. Blassingame</u>, No. 11-11644-012-15 (12th Dist. Ct., Madison County, Tex., Mar. 13, 2012) (evading arrest with a motor vehicle - 20 years). Blassingame acknowledges that no direct appeal was filed after the trial court entered its judgments. <u>See</u> Petition, Docket Entry No. 1, p. 3.

On September 3, 2013, more than 17 months after the date the criminal judgments were entered, Blassingame filed three applications for state writs of habeas corpus challenging the convictions. <u>Ex parte Blassingame</u>, Writ No. 69,282-02 (Trial No. 10-11632-012-13); <u>Ex parte Blassingame</u>, Writ No. 69,282-03, (Trial No. 11-11632-012-13) ; <u>Ex parte Blassingame</u>, Writ No. 69,282-04 (Trial No. 11-11644-012-15). On October 30, 2013, the Texas Court of Criminal Appeals remanded the applications back to the state district court for an evidentiary hearing regarding Blassingame's claim that he was denied representation by his retained counsel. <u>See</u> Docket Entry No. 11-5, pp. 2-3; Docket Entry No. 11-8, p. 2. Upon remand, Madison County District Attorney Brian Risinger submitted an affidavit about the challenged state court proceedings and his role as Blassingame's prosecutor. Docket Entry No. 11-6, pp. 16-20. Risinger gave a detailed account of the

plea negotiations and attested that Blassingame had the assistance of both his appointed counsel and a retained attorney during the entry of his plea bargain agreement. Id. In addition, an affidavit was submitted by Tarrant County Assistant District Attorney Lloyd E. Welchel who was present at the hearing in Madison County because there were also pending charges against Blassingame in Tarrant County. Docket Entry No. 11-6, pp. 47-48. Welchel corroborated Risinger's account of the proceedings and the participation of both defense counsel in the plea negotiations. Id. Finally, Blassingame's retained Attorney, Eugene G. de Bullet, and Blassingame's appointed attorney, Joel M. Hardy, submitted affidavits stating they were both present and involved in the cases. Docket Entry No. 11-6, pp. 50-57. Both attorneys agreed to work together, and Blassingame had the benefit of their counsel. Id. The affidavits and the State's response (Docket Entry No. 11-6, pp. 4-12) were returned to the Court of Criminal Appeals, which denied the state habeas applications without a written order on the trial court's findings without a hearing on March 19, 2014. Ex parte Blassingame, Nos. 69,282-02, 03, 04.

More than a month later, on April 29, 2014, Blassingame filed the pending federal petition for a writ of habeas corpus in which he asserts the following claims:

1. Blassingame's guilty pleas were involuntary and under duress;

2. Blassingame was denied his choice of counsel;

3. Blassingame was subjected to vindictive prosecution; and

4. Blassingame's attorney was ineffective because he failed to investigate Blassingame's mental health condition.

## II. One-Year Statute of Limitations

Blassingame's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions which restrict the time in which a state conviction may be challenged. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Blassingame entered a guilty plea on March 13, 2012, and did not appeal within the statutory period under Texas law. TEX. R. APP. P. 26.2(a) (West 2012)(defendant must file his appeal within 30 days of the date the trial court enters its judgment). The convictions became final on Monday, April 12, 2012, the last day he could have filed a notice of appeal. Id. See also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (conviction becomes final when time for review has expired), citing 28 U.S.C. § 2244(d)(1)(A). Pursuant to the AEDPA, Blassingame had one year, or until April 13, 2013, to file a federal habeas petition. See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).

Because Blassingame waited more than 17 months before filing his state habeas applications they did not toll the limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Blassingame's federal petition for a writ of habeas corpus was signed on April 29, 2014, and received for filing on May 5, 2014. At the earliest, the petition was filed on April 29, 2014. Starns v. Andrews, 524 F.3d 612, 616 (5th Cir. 2008); Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). Because more than two years elapsed between the time Blassingame's conviction became final and the date he

filed his federal petition, the petition is untimely since it exceeds the one-year limitations period. 28 U.S.C. § 2244(d)(1)(A).

There is no indication of a state created impediment under § 2244(d)(1)(B). Nor is there showing of a newly recognized constitutional right upon which the habeas petition is based or any indication that a factual predicate to the claims could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D).

Blassingame has filed a "Traverse" to the summary judgment motion (Docket Entry No. 16) in which he contends that his petition is not time barred because he is entitled to equitable tolling. He alleges that additional records are necessary to prove his grounds for relief. He also complains that he did not have access to a law library until he was transferred to TDCJ Holiday Unit on April 9, 2012. Docket Entry No. 16, p. 7. He further complains that the Holiday Unit lacked federal materials and that he could not begin seeking relief until he was transferred to the TDCJ Allred Unit on May 26, 2012. Id. He complains that he was not given sufficient access to the Allred law library, which he alleges is lacking in federal materials. Id. at 8-9. He also complains that the State Counsel for Offenders would not offer any legal advice and that staff and inmates at the Allred Unit had no training or legal education. Id. at 9. Blassingame asserts that it was necessary

for him to retrieve his records and that he sent a letter to Joel Hardy requesting them on July 11, 2012. Id. He alleges that he received partial records from Hardy on October 30, 2012. Missing from the record was information regarding an attorney named Joe W. Soward, II. Id. Blassingame alleges that Soward was his retained counsel in Tarrant County and contends that he needed Soward's testimony to impeach the credibility of the trial judge, Risinger, and Welchel regarding his legal representation. Id. at 6.

A habeas petitioner who has filed an untimely petition for habeas relief is entitled to equitable tolling only if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Stone v. Thaler, 614 F.3d 136, 139 (5th Cir. 2010). The petitioner has the burden of proving that he is entitled to equitable tolling. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013). Equitable tolling is an extraordinary remedy which is sparingly applied. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). It is applied only "in rare and exceptional circumstances" such as where the petitioner has been actively misled by the court on a misunderstanding of the law. See United States v. Patterson, 211 F.3d 927, 931 (5th Cir.2000); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

Blassingame must do more than assert that he was unable to

file a habeas petition because the library at his unit was inadequate. See Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). His conclusory statements regarding the library's shortcomings and lack of alternative resources are not sufficient. Murphy v. Dretke, 416 F.3d 427, 436-437 (5th Cir. 2005), citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (re-emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); Felder v. Johnson, 204 F.3d 168, 171-172 (5th Cir. 2000) (pro se status and inadequate prison library are not extraordinary circumstances). The fact that Blassingame may have been unable to use a library while in jail or in TDCJ until May 26, 2012, less than ten weeks after his conviction, does not entitle him to equitable tolling. Fisher v. Johnson, 174 F.3d 710, 714-715 (5th Cir. 1999). Assuming that Blassingame was prevented from using a library during that period, he still had nearly ten months after he arrived at the Allred Unit to prepare and file either a state or federal habeas petition. Id. His complaint about limited library hours is not sufficient to support a finding that he was denied access to the legal resources. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

Blassingame's argument that he needed additional records in order to obtain testimony from Soward is also unavailing. See Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). It was not necessary for Blassingame to obtain the alleged records and the

content of Soward's purported statement before seeking habeas relief. Flanagan, 154 F.3d at 199, citing 28 U.S.C. § 2244(d)(1)(D). Nor was this an extraordinary circumstance meriting equitable tolling because there is no showing that Blassingame had been actively misled by any attorney or that he was subjected to any deceptive behavior that would have justified his delay. Hailey v. Stephens, 532 F. App'x 571, 573 (5th Cir. 2013). Therefore, this habeas action will be dismissed because it is untimely. 28 U.S.C. § 2244(d)(1)(A).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001), quoting Slack, 120 S. Ct. at 1604. A

district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Blassingame is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

### IV. Conclusion

The court **ORDERS** the following:

1. The respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED, with prejudice.**

3. Petitioner's Motion for Stay to Exhaust Claims (Docket Entry No. 14) and Motion to Expand Records (Docket Entry No. 17) are **DENIED as MOOT**.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of January, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE